UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLIFFORD EDGIN, et al.,

              Plaintiffs,              No. 07-15343

vs.                                          Hon. Gerald E. Rosen

KEVIN W. COBB, et al.,

              Defendants.
_____/

ORDER DENYING DEFENDANTS'
MOTION TO QUASH DISCOVERY

    At a session of said Court, held in
    the U.S. Courthouse, Detroit, Michigan
    on      September 5, 2008

    PRESENT:  Honorable Gerald E. Rosen
                      United States District Judge

This matter is presently before the Court on Defendants August 5, 2008 Motion to Quash Discovery. In support of their claim that Plaintiffs in these consolidated cases are not entitled to <u>any</u> discovery, Defendants rely upon *Wilkins v. Baptist Health Care System, Inc.*, 150 F.3d 609 (6th Cir. 1998), in which the Sixth Circuit held that in ERISA denial of benefits claim actions, the district court should conduct a review based solely upon the administrative record of the claim and may not consider any evidence not presented to the plan administrator except in cases involving a procedural challenge to the administrator's decision, such as an alleged lack of due process or alleged bias on the administrator's part. *Id.* at 619. "This also means that any prehearing discovery at the

district court level should be limited to such procedural challenges." *Id.*

These cases, however, do not involve administrative denials of ERISA *claims for benefits*. Rather, they involve *breach of fiduciary* claims. "Claims for breaches of fiduciary duty and promissory estoppel are not claims for denial of benefits and are therefore addressed in the first instance in the district court, requiring no deference to any administrator's action or decision." *Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 427 (6th Cir. 2006). As such, *Wilkins* is not applicable. *See Hill v. Blue Cross and Blue Shield of Michigan*, 409 F.3d 710, 718 (6th Cir. 2005).

Therefore,

IT IS HEREBY ORDERED that Defendants' Motion to Quash Discovery **[Dkt. # 28]** is DENIED. Discovery may proceed in accordance with the Federal Rules of Civil Procedure.

s/Gerald E. Rosen
United States District Judge

Dated: September 5, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 5, 2008, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager