UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLIFFORD EDGIN, et al.,

       Plaintiffs,                                  No. 07-15343

vs.                                             Chief Judge Gerald E. Rosen
                                                    Magistrate Judge Steven D. Pepe

KEVIN W. COBB, GENERAL MOTORS HOURLY
EMPLOYEE PENSION DIVISION, AND GENERAL MOTORS
CORPORATION,

       Defendants.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANT KEVIN W. COBB, TRUSTEE AND GENERAL MOTORS CORPORATION'S MOTION FOR SUMMARY JUDGMENT (DKT. #27)**

      On December 24, 2007, Plaintiffs' counsel filed 12 separate complaints with identical facts and grievances. Plaintiffs are inmates of the Michigan Department of Corrections ("MDOC"). Plaintiffs are recipients of Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1000 *et seq*., payments from Defendant General Motors ("GM"). Defendant Cobb is GM's trustee for GM hourly employees pensions. Previously, some of the Plaintiffs were subject to a state Circuit Court Order directing them to notify General Motors, as the Administrator of the General Motors Hourly-Rate Employee Pension Plan ("GM Pension Plan") and/or the General Motors Retirement Program for Salaried Employees (GM Retirement Program"), to forward his check, payable to the Plaintiff, c/o the warden at his prison address. In some cases, Plaintiffs complied with such Orders and so directed General Motors. The Order further provided that in the event the Plaintiff did not notify General Motors, the notification would be made by the warden at Plaintiff's prison facility.

In that related case, GM sought a declaratory judgment from this Court that it had no liability to the inmate Plaintiff and all similarly situated prisoners regarding monthly pension checks payable to Plaintiff to his address at the prison during the period from January 1, 2005, through December 2006. *Gale v. General Motors*, 2008 WL 786791 (E.D. Mich.) (Rosen J). The Report and Recommendation, which was adopted in full by the district judge ordered that the Orders, Notices and State Treasurer's requests to GM and/or the Pension Plan (or its administrator) under State Correctional Facility Reimbursement Act ("SCFRA"), MCL 800.401 *et seq*, be declared preempted by ERISA and void, but only to the extent the Orders, the Notices and SCFRA either directs GM and/or the Pension Plan, or directs a correctional facility Warden (or his or her representative) to direct GM or the Pension Plan to send or make payments of Plaintiff's Pension Plan benefits to any address or account other than as designated by the Plaintiff who is the Participant under the terms of the Pension Plan. *Id* at *18.

Defendants move for summary judgment under the Rooker-Feldman doctrine[1] and on grounds that the Plaintiffs cannot maintain any claim against General Motors because it acted in the interests of the Plaintiffs, i.e., in the interests of participants and beneficiaries, in suspending

---

[1] Under the Rooker-Feldman doctrine, only the United States Supreme Court has jurisdiction to review a state court decision. In *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923), the Supreme Court, in reviewing an attempt to seek relief from a state-court judgment, stated that "no court of the United States other than this court could entertain a proceeding to reverse or modify the [state court] judgment." In *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983), the Supreme Court further reaffirmed that "the United States District Court is without authority to review final determinations of the District of Columbia Court of Appeals in judicial proceedings." The doctrine prevents both a direct attack of the substance of a state court decision and a challenge to the procedures used by the state court in arriving at its decision. *Anderson v. Charter Township of Ypsilanti*, 266 F.3d 487, 493 (6th Cir.2001).

monthly pension benefits and seeking guidance from this Court to resolve the conflict between the Michigan Supreme Court (*State Treasurer v. Abbott*, 468 Mich. 143, 660 N.W.2d 714 (2003), *cert denied* 540 U.S. 1112) and the Sixth Circuit Court of Appeals (*DaimlerChrysler v. Cox*, 447 F.3d 967 (6th Cir. 2007), cert denied 127 S.Ct. 2971 (2007)).

For the reasons indicated below, it is **RECOMMENDED** that Defendants' Motion for Summary Judgment be **GRANTED**.

## I.   BACKGROUND FACTS

In *Gale v. State of Michigan and General Motors, supra*, General Motors sought a declaration from this Court that it could ignore state Circuit Court Orders directing that monthly pension benefits of GM retirees incarcerated in Michigan prison facilities be forwarded to the warden of such facilities. General Motors contended that it should follow the direction of its retirees who were incarcerated in Michigan prisons, namely whether benefits should continue to be held in suspense or paid at their direction. The Motions filed by General Motors were referred for a Report and Recommendation, which issued on December 27, 2007, D.E. 50 ("Gale R&R"). On March 24, 2008, this Court adopted the Gale R&R.

The Gale R&R reviewed the background in Gale and detailed the procedure employed by the State of Michigan to obtain pension benefits under SCRFA:

> [t]he Attorney General first pursues a judgment against the prisoner and is awarded a percentage of the prisoner's pension payments. See Mich. Comp. Laws §§ 800.403(3), 800.404. The court then orders the prisoner to inform his or her pension plan that any benefit payments should be sent to the institutional address. If the prisoner refuses to comply, the warden of the prisoner's institution must send a copy of the court order to the pension plan. The order serves to notify the pension plan of the prisoner's institutional address. Once payments are received at the

> prison, they are automatically deposited into the prisoner's institutional account and are then confiscated by the state.

2008 WL 786791*3. The R&R determined that the Sixth Circuit's interpretation in *DaimlerChrysler v. Cox* was the proper interpretation of ERISA's anti-alienation clause.

> The Sixth Circuit's conclusion that the orders and notices would effect a prohibited alienation, insofar as they require the plan to send pension payments to the inmates' prison accounts, is reinforced by the overall operation of the statutory scheme in this case. SCFRA provides for the state court, after considering the inmate's moral and legal obligations to support his dependents, to order the inmate to reimburse the state for the costs of his incarceration in an amount up to 90% of the inmate's assets. Moreover, the specific orders in this case were actions initiated by the Attorney General under SCFRA for the specific purpose of obtaining an allocation to the State of up to 90% of the inmates' pension benefits. The state court then ordered the inmate to instruct his Pension Plan to pay benefits into his prison accounts, under the control of the State, to satisfy the state court's award. And if he failed to do so, the warden is instructed to send the order and notices to the Pension Plan directing it to do so. From start to finish, then, the proceedings under SCFRA were directed in substance toward a court-ordered redirection of the inmate's pension benefits by the pension plan to the state. That result is prohibited by ERISA's anti-alienation provision. While this Court's determination does not disparage the legal right or the policy wisdom of Michigan seeking to have inmates pay for their housing and maintenance when they are financially able to do so, the means of enforcing such a legal entitlement by the state must be in accordance with the legislative directives of Congress in ERISA's limit on alienation.

2008 WL 786791*14. The adopted R and R concluded that

> It is RECOMMENDED that the Orders, Notices and State Treasurer's requests to GM and/or the Pension Plan (or its administrator) under SCFRA be declared preempted by

>ERISA and void, but only to the extent the Orders, the Notices and SCFRA either directs GM and/or the Pension Plan, or directs a correctional facility Warden (or his or her representative) to direct GM or the Pension Plan to send or make payments of Plaintiff's Pension Plan benefits to any address or account other than as designated by the Plaintiff who is the Participant under the terms of the Pension Plan.
>
>It is FURTHER RECOMMENDED that any Action or Order (including the Notices) which the State of Michigan may seek in the future, for payments or reimbursements by GM and/or the Pension Plan (or its administrator) under SCFRA be declared preempted by ERISA and void, but only to the extent any such Order and/or SCFRA either (1.) directs GM and/or the Pension Plan (or its administrator), or directs a correctional facility Warden (or his or her representative) to direct GM and/or the Pension Plan (or its administrator), to send or make payments of Plaintiff's Pension Plan benefits to any address or account other than as designated by the Plaintiff who is the Participant under the terms of the Pension Plan, or (2.) otherwise orders GM and/or the Pension Plan (or its administrator) to make surrogate payments, reimbursements or damages to or on behalf of the State of Michigan for Plaintiff's Pension Benefits not sent to Plaintiff's prison address.
>
>It is FURTHER RECOMMENDED that the State of Michigan be precluded from attempting to enforce any Order and/or Notice to GM and/or the Pension Plan (or its administrator) and any future similar Orders and Notices by seeking orders of contempt against GM and/or the Pension Plan (or its administrator) to the extent such enforcement efforts would run contrary to this Court's ruling as stated above.

2008 WL 786791*16.

This Court acknowledged that General Motors acted properly in seeking guidance from the federal courts by way of a declaratory judgment.

The parties, through their counsel appeared at the Court's status conference on June 19, 2008. Defendants had prepared letters for prisoners whose pension benefits had been held in suspense due to the conflict between the Sixth Circuit decision in DaimlerChrysler v. Cox, 447 F.3d 967 (6th Cir. 2006) And the Michigan Supreme Court's decision in State Treasurer v. Abbott, 468 Mich. 143, 660 N.W.2d 714 (2003). Defendants sought to send these letters arguing that General Motors had a right to contact its retirees directly, but agreed that to the extent the proposed letter was sent to Plaintiffs, a copy would be provided to their counsel. Counsel for Plaintiffs posed his objection to General Motors contacting his clients directly. The Court sided with General Motors who then notified prisoners whose benefits were being held in suspense and seeking further direction from each of them regarding whether they wished to have their pension benefits continue in suspension, be paid to them, or to a conservator or guardian.

Plaintiff's counsel filed a grievance against Defense counsel that he had violated the Rules of Professional Conduct when General Motors communicated with Plaintiffs. The Grievance Commission refused to conduct an investigation finding that the allegations were insufficient to warrant review.

Plaintiffs adopt Defendant's version of the facts summarizing the understanding of the issue with the following:

> Plaintiffs are not challenging the Michigan state court orders in their cases but are pursuing relief from GM's failure to discharge its duties under ERISA by failing to challenge the Michigan state court orders. This is a suit about GM's failures, not the state court's erroneous interpretation of ERISA and SCFRA.

(Dkt. #30, p. 2). Plaintiffs argue that GM had been on "notice" for more than a decade that SCFRA and Michigan's interpretation of ERISA was problematic and should have intervened in the litigation or otherwise "attacked" the final judgments of the various state courts' decisions.

6

**II.     ANALYSIS**

    **A.     <u>Standards Of Review</u>**

Under Fed. R. Civ. P. 56, summary judgment is to be entered if the moving party demonstrates there is no genuine issue as to any material fact. The Supreme Court has interpreted this to mean that summary judgment should be entered if the evidence is such that a reasonable jury could find only for the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party has "the burden of showing the absence of a genuine issue as to any material fact." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). *See also Lenz v. Erdmann Corp.*, 773 F.2d 62 (6th Cir. 1985). In resolving a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party. *See Duchon v. Cajon Co.*, 791 F.2d 43, 46 (6th Cir. 1986); *Bouldis v. United States Suzuki Motor Corp.*, 711 F.2d 1319 (6th Cir. 1983). But as the Supreme Court wrote in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986):

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

Moreover, when a motion for summary judgment is filed, the adverse party may not rely "upon the mere allegations or denials of the adverse party's pleading, but . . . by affidavits or as

otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

### B. Factual Analysis

Defendant argues that the *Rooker-Feldman* doctrine, a combination of the abstention and *res judicata* doctrines, precludes collateral attack in the federal district court on a state court order of judgment. Thomas K. Abbott, one of the 12 Plaintiffs represented in this consolidated case is incarcerated in a Michigan prison facility and the Defendant in the case of *State Treasurer v. Abbott*, 468 Mich. 143, 660 N.W.2d 714 (2003), cert. denied, 540 U.S. 1112 (2004). In that case, the State Treasurer of Michigan filed a complaint under the SCFRA, MCL § 800.401 *et seq.*, to recover the cost of confining Abbott in a Michigan prison facility. The State Treasurer argued in the state Circuit Court that Abbott's monthly pension benefit under the GM Pension Plan, although payable to Thomas K. Abbott, should be sent to his prison address and deposited in his prison account. The Circuit Court ordered Abbott to direct his monthly pension benefits to his prison address, and further ordered that in the event Abbott did not do so, the GM Pension Plan was required to send Abbott's monthly pension benefits to his prison address. 468 Mich. at 144.

The Michigan Court of Appeals held that ERISA barred the deposit of Abbott's monthly pension benefits into his prison account. *State Treasurer v. Abbott*, 249 Mich. App. 107, 640 N.W.2d 888 (2001). The Michigan Supreme Court, reversed the Michigan Court of Appeals, explaining that the forwarding of monthly pension checks to Abbott's prison address did not constitute an alienation that was violative of ERISA.

After the adverse decision in the Michigan Supreme Court, Abbott and two other

Plaintiffs in this present action, Antonio Mendoza and Edsol J. Stanley filed an action in courtto contest the state Circuit Court Order. Abbot's suit was found to be barred under the *Rooker-Feldman* Doctrine. *Abbott v. State of Michigan*, 006 WL 250255 (E.D.Mich. January 31, 2006). The Sixth Circuit affirmed the application of the doctrine that the Supreme Court is vested with exclusive jurisdiction over appeals from final state-court judgments. *Abbott v. Michigan*, 474 F.3d 324 (6th Cir. 2007). The Sixth Circuit concluded that although Abbott ostensibly was complaining of injuries caused by third persons, such actions were the direct and immediate products of the state-court SCFRA judgments, and thus, under the Rooker-Feldman Doctrine the federal courts had no jurisdiction.

>Plaintiffs complain in their identical complaints that:
>
>>18. Despite this duty, no person administering the plans under which Plaintiff was entitled to receive benefits took any steps to challenge any orders issued by various Circuit Courts or acted in any other way to protect Plaintiffs' rights under the Employee Retirement Income Security Act.
>>
>>19. This failure to act resulted in clearly illegal state-court orders being allowed to stand and thereby caused Plaintiff, and more particularly, his family to be damaged as a result.
>>
>>29. Defendant(s) knew or should have been aware that the orders issued pursuant to SCFRA were of, at the very least, of questionable legality and enforceabilty.

Exhibit A, Plaintiff's Complaint (emphasis added). Defendant concludes that Plaintiffs' claims are barred by the Rooker-Feldman Doctrine because of the Sixth Circuit precedent.

Yet here, albeit it is a close call, this Court has jurisdiction of Plaintiff's claims. Plaintiffs are not directly seeking a reversal or reconsideration of a specific state court decisions. Rather,

they are contesting the underlying reasoning of the state court decisions arguing that Defendant should have known that the reasoning in several cases was flawed and should have appealed the decision. As Judge Rosen wrote in his opinion and order of September 5, 2008, denying Defendant's motion to quash, "These cases, however, do not involve administrative denials of ERISA *claims for benefits*. Rather, they involve *breach of fiduciary* claims." (Dkt. #32, p. 2).

While summary judgment is not appropriate under the Rooker-Feldman Doctrine, it is warranted on other grounds. The inaction complained of by Plaintiffs was in fact undertaken by General Motors. General Motors sought clarification by way of a declaratory judgment before this Court in *Gale*. Prior to the Michigan Supreme Court decision, with respect to six of the Plaintiffs, General Motors did not comply with lower state court decisions directing that pension benefits be sent payable to the retiree to their prison address,. Three Plaintiffs directed General Motors to send their monthly pension checks to their prison address and benefits were never sent to a prison for the three other Plaintiffs. Beginning in May 2003, General Motors forwarded monthly pension benefits to prison facilities pursuant to the Michigan Supreme Court. (Dkt. #31, Ex. A). Plaintiffs also fail to acknowledge that there was an attempt to appeal *Abbot* to the U.S. Supreme Court but *certiorari* was denied. It is unimaginable what further action Plaintiffs expect Defendant, not a party to the *Abbot* matter, to perform, except for the reasonable action General Motors undertook by seeking clarification in the court in *Gale*.

Defendants also seek quasi-judicial immunity from suit because General Motors acted in compliance with state court orders enacted under procedures that were upheld by the Michigan Supreme Court. Defendants argue that as the administrator of the GM Pension Plan, they were acting as an "arm" of the state Circuit Courts when it forwarded pension benefits payable to Plaintiffs at a prison address pursuant to the Circuit Court's order. Defendants, however, fail to cite to case law

10

in support of their position that the administration of pension plan is an "arm" of the courts. Instead, Defendants' reliance on binding state supreme court case law and actions to clarify conflicting precedents in the federal and state circuits suffices to show that Defendants upheld their fiduciary duties in administering the pension plan.

And finally, Plaintiffs' claims for breach of fiduciary duty, with the exception of Martin Schuler who directed the Defendant to send benefits to the Prison Facility, are barred by the applicable three (3) year statute of limitations. Section 413(2) of ERISA, 29 U.S.C. § 1113(2), provides that no action for breach of fiduciary duty can be commenced after three years from the earliest date on which the plaintiff had actual knowledge of the breach or violation. Plaintiffs commenced these actions on December 14, 18, 19 and 20, 2007. In each case, except for Plaintiff Martin Schuler (who requested the address change himself), pension benefits were forwarded to the prison address more than three years prior to Plaintiffs commencing their actions. (Dkt. #31, Ex. A).

Based on the above analysis, it is recommended that Defendants motion for summary judgment be granted because there is no genuine issue of material fact regarding Defendants' upholding of its fiduciary duty to the Plaintiffs.

### III.  RECOMMENDATION

For the reasons indicated above, it is **RECOMMENDED** that Defendants' motion for summary judgment be **GRANTED** and that the case against each of them be **DISMISSED.** The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in

28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local*, 231, 829 F.2d 1370,1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

  Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

           s/Steven D. Pepe
           United States Magistrate Judge

Dated: February 25, 2009

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 25, 2009.

           s/V. Sims
           Case Manager